<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>STEPHEN NUNEZ | No. 23cr765 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

After completing approximately one year of his five-year term of supervised release, *pro se* Defendant Stephen Nunez moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). D.E. 5 ("Motion" or "Mot."). The Court decides the Motion without oral argument. L. Crim. R. 1.1 (incorporating by reference L. Civ. R. 78.1(b)). Having considered the Motion and all related items on the docket, and for the reasons set forth below, Defendant's Motion will be **DENIED** *without prejudice*.

I.     BACKGROUND

On November 19, 2019, Defendant plead guilty to distributing 5 kilograms or more of cocaine in Columbia and Mexico, in or about 2016, with the intent that it would be unlawfully imported into the United States in violation of 21 U.S.C. §§ 959, 960. D.E.s 2-1, 2-2. On April 5, 2021, Defendant was sentenced to 70 months' imprisonment and 5 years of supervised release. D.E. 2-2 at 2-3.

Defendant file this Motion on March 19, 2024, after serving approximately one year of the five-year term of supervised release ordered by the Court. Mot. The Government opposes. D.E. 10 ("Opp'n"). Defendant does not reply.

## II.  LEGAL STANDARD AND ANALYSIS

The decision to grant early termination of supervised release is discretionary after the expiration of one year of supervised release. *See* § 3583(e); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). In exercising this discretion, a District Court must consider the following factors:

(1) the nature and circumstances of the offense and the defendant's history and characteristics;

(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentence and sentencing range established for the defendant's crimes;

(4) pertinent policy statements issued by the United States Sentencing Commission;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

*United States v. Stiso*, No. 14cr484, 2021 WL 1291648, at *2 (D.N.J. Apr. 6, 2021) (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7)); *see* § 3583(e). The District Court need not make "specific findings of fact with respect to each of these factors; rather, a statement that the [court] has considered the statutory factors is sufficient." *Melvin*, 978 F.3d at 52-53 (cleaned up). "After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* at 52 (citing § 3583(e)).

The Court has considered the Section 3553(a) factors as to Defendant and finds that early termination of supervised release is neither warranted nor in the interest of justice. The Court is satisfied that the sentence imposed on Defendant was sufficient but not greater than necessary to achieve the goals of sentencing set forth in Section 3553(a). Defendant committed a serious crime involving the importation of a significant quantity of cocaine into the United States. Defendant does not raise any information in his Motion to call into question the justification for his sentence, including the term of supervised release. Although the Court is not *required* to find that an "exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release" before granting a Section 3583(e)(1) motion, "'[g]enerally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it.'" *Id.* at 53 (quoting *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018)). No such circumstances exist here. Defendant's conduct and the interests of justice require that Defendant continue to be subject to supervised release as sentenced.

In his Motion, Defendant laments the time spent away from his family in the Dominican Republic, emphasizes his good behavior and compliance with the terms of supervised release ordered by the Court, describes his employment as an Uber driver, and expresses sincere regret for his actions underlying his sentence. Mot. The Court empathizes with Defendant and encourages him to continue his positive rehabilitative efforts, as is the goal of supervised release. However, as the Government recognizes, Defendant's Motion evidences that he is doing "exactly what is expected of him." Opp'n at 4. "[M]ere compliance with the terms of . . . supervised release is what is expected . . . and without more, is insufficient to justify early termination." *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003). Terminating Defendant's supervised release

approximately one year into its five-year term is not warranted without more. Defendant may file a new motion for early termination of supervised release after completing a more substantial portion of its term or if other changed circumstances warrant early termination.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, **IT IS**, on this **28th** day of August 2024,

**ORDERED** that Defendant's Motion, D.E. 5, is **DENIED** *without prejudice*; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Order to Defendant.

Dated: August 28, 2024

                                                                      *Evelyn Padin*
                                                                      Evelyn Padin, U.S.D.J.